# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

---

RICHARD ALVAREZ, )
)
)  **Index No.: 511645/2021e**
Plaintiff, )
)
- *against* - ) Civil Action

CLIVE DAMALLIE and )
DAMALLIE TRUCKING, INC., )
)
Defendants. )

---

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented.  Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: New York, NY
May 14, 2021
Yours, etc.

BRANDON J. BRODERICK, LLC
Attorneys for Plaintiff

BY:   *Kevin E. Kruse, Esq.*
Kevin E. Kruse, Esq.
800 Third Avenue, 28th Floor
New York, NY  10022
(212) 600-9536

To:   **Clive Damallie**
**73 Fairview Avenue**
**Teaneck, NJ  07666**

**Damallie Trucking, Inc.**
**73 Fairview Avenue**
**Teaneck, NJ  07666**

Case 1:21-cv-04235-BMC   Document 1-1   Filed 07/28/21   Page 4 of 10 PageID #: 8 RECEIVED  05/17/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____

RICHARD ALVAREZ,
                              Plaintiff,

           - against -

CLIVE DAMALLIE and
DAMALLIE TRUCKING, INC.,
                              Defendants.
_____

) Index No.:
) Date Purchased:
)
) **SUMMONS**
)
) **Plaintiff designates Kings County as the**
) **place of Trial based on his residence.**
)

**TO THE ABOVE-NAMED DEFENDANTS:**

           **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with this summons, to serve a

notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this

summons, exclusive of the date of service (or within 30 days after the service is complete if

this summons is not personally delivered to you within the State of New York); and in case

of your failure to appear or answer, judgment will be taken against you by default for the

relief demanded in the complaint.

Dated: New York, New York
           May 14, 2021

                                        **BRANDON J. BRODERICK, ESQ., LLC**

                                        By: _____
                                             Jason A. Richman, Esq.

                                        *Attorneys for Plaintiff*
                                        800 Third Avenue., 28th Floor
                                        New York, New York 10022
                                        Telephone: (201) 676-3949\

**TO:   Clive Damallie**
       **73 Fairview Avenue**
       **Teaneck, NJ  07666**

       **Damallie Trucking, Inc.**
       **73 Fairview Avenue**
       **Teaneck, NJ  07666**

1

Case 1:21-cv-04235-BMC   Document 1-1   Filed 07/28/21   Page 5 of 10 PageID #: 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____

| | |
|---|---|
| RICHARD ALVAREZ, | ) Index No.: |
|          Plaintiff, | ) **VERIFIED COMPLAINT** |
|     - *against* - | ) |
| | ) |
| CLIVE DAMALLIE and | ) |
| DAMALLIE TRUCKING, INC., | ) |
|          Defendants. | ) |
_____

Plaintiff, Richard Alavarez, by his attorneys, BRANDON J. BRODERICK, ESQ., LLC,

complaining of the defendants herein, respectfully sets forth and alleges the following upon

information and belief:

## JURISDICTION AND VENUE

1.　　That at all times hereinafter mentioned, Plaintiff, Richard Alvarez, ("plaintiff") is

an adult individual domiciled in, and is a citizen of, the State of New York, residing at 24 Mother

Gaston Boulevard, Brooklyn, County of Kings, State of New York.

2.　　That at all times and places herein mentioned, and specifically on July 27, 2020,

plaintiff was the operator of a vehicle, owned by Raquel Alvarez, namely a 2012 Nissan motor

vehicle bearing New York license plate number JGM7824, traveling on Grand Avenue at or near

the intersection of Rust Street in Queens, County of Queens, City and State of New York, when

the subject collision occurred.

3.　　That at all times and places herein mentioned, the defendant, Clive Damallie, was

an adult individual domiciled in, and is a citizen of, the State of New Jersey, residing at 73 Fairview

Avenue in the Township of Teaneck, County of Bergen, and State of New Jersey.

4.　　That at all times herein mentioned, and upon information and belief, Defendant,

Clive Damallie, was the known and permitted operator of a truck bearing New Jersey trailer license

plate number TRY-95R, traveling on Grand Avenue at or near the intersection of Rust Street in

Queens, County of Queens, and State of New York, when the subject collision occurred.

2

Case 1:21-cv-04235-BMC   Document 1-1   Filed 07/28/21   Page 6 of 10 PageID #: 10

5.      That at all times herein mentioned, Defendant, Clive Damallie, was operating a motor vehicle with the permission and consent, expressed or implied or in capacity as agent, servant or employee of the owner Defendant, Damallie Trucking, Inc., located at 73 Fairview Avenue in the Township of Teaneck, County of Bergen, and State of New Jersey.

6.      That at all times hereinafter mentioned, and upon information and belief, Defendant, Damallie Trucking, Inc., is a foreign business corporation domiciled in the State of New Jersey, with a business address of 73 Fairview Avenue in the Township of Teaneck, County of Bergen, and State of New Jersey.

7.      Upon information and belief, that at all times and places herein mentioned, the Defendant, Damallie Trucking, Inc., was a Registered US DOT interstate common carrier (operating under USDOT Number 673351 and MC Number 724210) and was the registered owner of a truck bearing New Jersey trailer license plate number TRY-95R, when the subject collision occurred.

## FACTS

8.      That at all times and places herein mentioned, Grand Avenue at or near the intersection of Rust Street was a public roadway in Queens, County of Queens and State of New York.

9.      That on the 27th day of July 2020, at approximately 3:50 p.m., as a result of the defendants' negligence in the ownership and/or operation and/or maintenance of the aforementioned motor vehicle, a collision occurred, during which the vehicle operated by plaintiff, Richard Alavarez, was struck by the vehicle owned and operated by defendants.

## AS AND FOR A CAUSE OF ACTION AGAINST
## DEFENDANTS

10.     That the subject occurrence was due solely to the carelessness, recklessness and negligence of the defendants in and about the want of due and proper care in the ownership,

3

operation, management, maintenance and control of the motor vehicle mentioned above in allowing it to come into contact with the plaintiff's vehicle while Defendants were under a duty, statutory and common law, to avoid doing so.

11.     Defendant, Damallie Trucking, Inc., negligently hired, trained, supervised, and/or managed its agents, servants and/or employees, which negligence was a proximate cause of plaintiff's injuries.

12.     Defendant, Damallie Trucking, Inc., through its agents, servants, contracts, assigns, officers, and/or employees contributed to plaintiff's injuries by failing to provide adequate training, supervision and management to its agents, servants, contracts, assigns, officers, and/or employees, and or failed to warn of same.

13.     That as a direct and proximate result of all of the foregoing, the plaintiff: (a) suffered severe painful bodily injuries, including severe permanent injuries and permanent loss of bodily function; (b) was required and will in the future be required to seek medical attention for his injuries; (c) has incurred, and in the future will incur, expenses for medical treatment and physiotherapy in an amount to be ascertained; (d) suffered and will continue to suffer great pain; and (e) has incurred other elements of damages, financial expenses and losses.

14.     That by reason of the foregoing and the negligence of the defendants the plaintiff was severely injured, bruised and wounded, suffered, still suffers and continues to suffer physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time and will remain so into the future.

15.     That by reason of the foregoing, the plaintiff was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medical treatment, costs, medicines and care and upon information and belief, the plaintiff will necessarily incur similar future expenses.

Case 1:21-cv-04235-BMC   Document 1-1   Filed 07/28/21   Page 8 of 10 PageID #: 12

16.    That by reason of the foregoing, the plaintiff has been unable to attend to usual activities in the manner required, including pursuing a vocation.

17.    That by reason of the foregoing, the plaintiff was denied quality and enjoyment of life.

18.    That by reason of the wrongful, negligent and unlawful actions of the defendants as aforesaid, the plaintiff sustained serious injuries as defined in §5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in §5102(a) of said Insurance Law.

19.    That one or more of the exceptions of §1602 of the Civil Practice Law and Rules applies to the within action.

20.    That plaintiff has suffered damages in an amount to be determined upon the trial of this action. The monetary amount of the damages caused by the defendant in this action, for which recovery is herewith sought, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of the action.

21.    Plaintiff has complied with all conditions precedent to suit.

**WHEREFORE,** plaintiff demands judgment against the defendant(s), jointly and/or severally, for compensatory damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this suit; and plaintiff demands the costs and disbursements of this suit together with interest thereon from the date of judgment.

Dated:  New York, NY
        May 14, 2021

                            **BRANDON J. BRODERICK, ESQ., LLC**

                            By: _____
                                  Jason A. Richman, Esq.

                            *Attorneys for Plaintiff*

Case 1:21-cv-04235-BMC   Document 1-1   Filed 07/28/21   Page 9 of 10 PageID #: 13
RECEIVED NYSCEF: 05/17/2021

800 Third Avenue., 28th Floor
New York, New York 10022
Telephone: (201) 676-3949

6

## ATTORNEY VERIFICATION

**Jason A. Richman, Esq.,** an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following matters under penalty of perjury:

I am an associate of the law firm of BRANDON J. BRODERICK LLC attorneys for the plaintiff in the within action, and as such am fully familiar with facts and circumstances constituting the within action.

I have read the foregoing **Verified Complaint** and know the contents thereof to be true to my own knowledge, except as to those matters alleged therein upon information and belief, and as to those matters, I believe them to be true.

The sources of my belief as those matters alleged upon information and belief are as follows: conversations with my client, investigation, research, and review of the file in this matter.

The reason that this verification is being made by me and not the plaintiff personally is that plaintiff is presently not within the county where I maintain my office for the practice of law.

Dated:  New York, NY
        May 14, 2021

BRANDON J. BRODERICK, ESQ., LLC

By: _____
        Jason A. Richman, Esq.

*Attorneys for Plaintiff*
800 Third Avenue., 28th Floor
New York, New York 10022
Telephone: (212) 600-9536

7